IN THE UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                             CIVIL NO. 96-2489 (RLA)

PUERTO RICO AQUEDUCT AND SEWER
AUTHORITY and THE COMMONWEALTH
OF PUERTO RICO,

    Defendants.

MAYAGÜEZANOS POR LA SALUD Y EL
AMBIENTE, INC.

    Intervenor.

## ORDER AWARDING ATTORNEY'S FEES TO INTERVENOR

Pending before the Court is Intervenor's Application for Attorney's Fees (**docket No. 61**) and Defendant Puerto Rico Aqueduct and Sewer Authority's Motion to Dismiss Intervenor's Petition for Attorney's Fees (**docket No. 66**).[1] For reasons set forth below, we hereby GRANT Intervenor's request for fees.

---

[1] See also Commonwealth of Puerto Rico' Opposition to Intervenor's Application for Attorney's Fees (**docket No. 67**) and United States of America's Memorandum in Response to Intervenor's Application for Attorney's Fees (**docket No. 62**). These two motions assert that it would be inappropriate to assess attorney's fees upon the Commonwealth of Puerto Rico or the United States of America. Indeed, Intervenor has indicated that it is not requesting the assessment of attorney's fees against either of these parties. See Intervenor's Memorandum in Support of Its Application for Attorney's Fees, **docket No. 87**, at 2. Accordingly, these motions are hereby **DENIED as MOOT**.



AO 72
(Rev 8/82)

CIVIL NO. 96-2489 (RLA)                                                Page 2

## DISCUSSION

This case involved an enforcement action by the United States against the Puerto Rico Aqueduct and Sewer Authority (PRASA) due to PRASA's failure to provide secondary treatment at the Mayaguez Regional Waste Water Treatment Plant (WWTP), as required by Section 301(b)(1)(B)of the of the Federal Water Pollution Control Act, 33 U.S.C. § 1251 et seq. (Act).

Intervenor, Mayaguezanos por la Salud y el Ambiente (MSA), is a not-for-profit environmental corporation that has worked to improve water quality in Mayaguez Bay. MSA requests an award of attorney's fees related to its intervention in this case, pursuant to Section 505(d) of the Act, alleging that it is a prevailing party because it played a catalytic role in obtaining significant improvements to the Consent Judgment.

The Clean Water Act provides that a district court, "in issuing any final order in any action brought pursuant to [the Clean water act], may award costs of litigation, (including reasonable attorney and expert witness fees) to any prevailing party or substantially prevailing party, whenever the court determines such award is appropriate". 33 U.S.C § 1365(d).

The statute leaves to the Court's discretion the award of litigation costs to citizen groups such as MSA, who may be considered prevailing parties for purposes of attorney's fees

AO 72
(Rev 8/82)

awards. Cf., <u>United States v. Maine Department of Transportation</u>, 980 F. Supp. 546 (D. Maine 1997); <u>Armstrong v. ASARCO, Inc.</u>, 138 F.3d 382, 387 (8th Cir. 1998).

The record reflects that throughout its intervention in this action, MSA's activities were focused on the need to: (1) press for a diminution of the loads of pollutants entering Mayaguez Bay in order to propitiate its recovery, or at a minimum, halts its increasing degradation; and (2) achieve this goal as expeditiously as possible.

We find that MSA's first goal, a diminution of the amount of pollutants being discharged into the bay, was achieved through the inclusion in the Consent Judgment of language demanding compliance with all effluents limitations contained in the plant's NPDES permit, or its successor. The United States adopted this argument by modifying Item 3 of the Consent Decree to include a reference not only to the construction of a secondary treatment plant, but also to "any other treatment facilities necessary to achieve compliance" with the plants NPDES permit or its successor.

MSA's second objective, the need for an expeditious solution, was achieved though its timely intervention and the prodding of the United States to bring its negotiations with PRASA to a prompt end, a position that was adopted by this Court when it established a deadline for the lodging of the Consent Decree.

The First Circuit Court of Appeals has held that the primary purpose of fee awards under the Clean Water Act is the promotion of citizen enforcement. See Roosevelt Campobello Int'l. Park Comm'n., v. United States Environmental Protection Agency, 711 F.2d 431, 434 (1st Cir. 1983)(citing Natural Resources Defense Council v. Environmental Protection Agency, 484 F.2d 1331, 1338 (1st Cir. 1973)). Considering the original objectives of MSA in intervening in this suit, and weighing the relief ultimately obtained, we find that MSA is a prevailing party within the meaning of 33 U.S.C. § 1365(d), making an award of attorney's fees appropriate.

Accordingly, we hereby **GRANT** its motion (**docket No. 61**) and award it attorneys fees in the amount of $17,187.50.[2]

San Juan, Puerto Rico, this 10th day of January, 2001.

_____
RAYMOND L. ACOSTA
United States District Judge

---

[2] In light of our ruling today, the discovery issues raised in Intervenor's Memorandum... (**docket No. 87**) and PRASA's Response... (**docket No. 93**) are **DENIED as MOOT**.

AO 72
(Rev 8/82)