IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>    v.<br><br>PUERTO RICO AQUEDUCT AND<br>SEWER AUTHORITY and THE<br>COMMONWEALTH OF PUERTO RICO,<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 96-2489 (RLA)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**JUNE 1, 2004 STATUS REPORT**

Pursuant to this Court's Order of December 12, 2003, the United States of America, on behalf of the Environmental Protection Agency ("EPA"), files this Status Report to update the Court regarding issues related to the Revised Consent Decree entered by this Court on June 4, 1998. In this Status Report, the United States reports on the compliance of the Puerto Rico Aqueduct and Sewer Authority ("PRASA") with permit effluent limits and the status of the "successor" permit.

    1. Background

Paragraph 3(g) of the Revised Consent Decree required PRASA to "complete construction and initiate operation of secondary treatment facilities and any other treatment facilities necessary to achieve compliance with National Pollutant Discharge Elimination System ("NPDES") Permit No. PR0023795 or its successor permit" by October 31, 2001. Paragraph 3(h) of the Revised Consent Decree requires PRASA to "achieve full compliance with NPDES

Permit No. PR0023795 or its successor permit" by December 31, 2001. On February 1, 1998, pursuant to Paragraph 3(a) of the Revised Consent Decree, PRASA submitted to the Puerto Rico Environmental Quality Board ("EQB") a "mixing zone" application relating to the discharge from the Mayaguez Waste Water Treatment Plant ("WWTP"). Four years later, on February 4, 2002, EQB issued its final Water Quality Certificate ("WQC"), which provides for a mixing zone for certain of the pollutants regulated in PRASA's current permit. PRASA then applied to EPA for a new NPDES Permit which would reflect the terms of EQB's 2002 WQC.

   2. Discussion

      a. Compliance

As reported by the United States in past pleadings, EPA has determined that the Mayaguez WWTP was ultimately constructed as required by the Revised Consent Decree and is operational. Under the terms of its NPDES permit, PRASA is required to conduct sampling of the discharge from the plant on a monthly basis, and to submit a report of the results of that sampling to EPA on a monthly basis. PRASA has submitted to EPA these sampling results, known as Discharge Monitoring Reports ("DMRs").

EPA has reviewed the DMRs submitted by PRASA through March , 2004. Those DMRs generally show continued compliance by PRASA.[1] Thus, it is apparent that the combination of

---

[1] As was reported in a prior Status Report, EPA granted, in part, PRASA's request for a finding of *force majeure* under the Revised Consent Decree. Pursuant to that determination, for the period from January 1, 2002 until an EPA final permit decision with respect to PRASA's application for a renewal permit for its Mayaguez WWTP becomes effective, EPA has measured and will continue to measure PRASA's compliance with the Revised Consent Decree and PRASA's liability for stipulated penalties by PRASA's currently effective Permit, except where EQB's final WQC establishes an effluent limitation for a pollutant for which EQB has approved a mixing zone, and such effluent limitation is less stringent than the corresponding effluent limitation contained in the current permit. With respect to those limitations, EPA will measure compliance by the less stringent limitation contained in the WQC until it makes a final determination on the renewal permit.

PRASA's structural improvements at the Mayaguez WWTP and the new water quality based effluent limitations for certain pollutants contained in EQB's final WQC have continued to result in an improvement in PRASA's compliance with the Clean Water Act since the filing of this action.

      b. The Successor Permit

As noted above, EQB issued its Final Water Quality Certificate providing for a mixing zone for a number of pollutants. EQB's action was required before EPA could issue a renewal NPDES permit for the Mayaguez WWTP. The most significant progress to report with respect to this matter is that on this day, June 1, 2004, EPA issued the final renewal NPDES permit for the Mayaguez WWTP.

      c. Disposition of Stipulated Penalties

Pursuant to 40 C.F.R. § 124.19, certain persons, therein specified, may petition the Environmental Appeals Board for review of any condition of EPA's permit decision. The regulation specifies a thirty-day period in which to file such a petition, unless EPA specifies a longer period. If a petition for review is filed, the Environmental Appeals Board is to issue an order granting or denying the petition within a "reasonable time." *Id.*

The Court will recall that under the Revised Consent Decree, certain stipulated penalties have been placed in an escrow account. *See* Revised Consent Decree, ¶ ¶ 3(h), 24(b).[2] As the United States has noted in prior Status Reports, it is appropriate for these penalties to remain in escrow until EPA is able to review and analyze PRASA's compliance with the final, issued, and effective "successor" permit. If no petitions for review are received by the Environmental

---

    [2] The stipulated penalties that have been paid into the escrow account relate to PRASA's prior violations of the Revised Consent Decree.

Appeals Board, the permit limits in the final permit issued today will be the final effective permit limits. EPA will then be in a position to make a determination with respect to the escrowed funds because it will have final permit limits by which to measure PRASA's compliance. As the funds in the escrow continue to earn interest, the arrangement does not significantly prejudice PRASA and is in the public interest.

     d. <u>Summary and Proposal</u>

EQB's issuance of a final WQC, the improvements in the quality of PRASA's discharge, and, most significantly, EPA's issuance of the final renewal NPDES Permit, are indicative of the progress made in this case since its filing.

The United States proposes that the United States file a Status Report with the Court on December 1, 2004. By that time, provided that appeals, if any, brought with respect to the final permit are resolved, it is hoped that the renewal permit will have become effective under the governing regulations and that, therefore, EPA will be in a position to make a determination with respect to the disposition of the funds currently held in escrow.

As in the past, in the event that EPA becomes aware of a significant adverse change in the quality of the discharge from the PRASA Mayaguez facility between now and the proposed reporting date, the United States will inform the Court and reserves its right to seek any appropriate relief. The United States respectfully submits that this proposed course of action appropriately considers the ongoing regulatory process while ensuring enforcement of the Clean Water Act.

## CONCLUSION

For the reasons stated, the United States respectfully requests that the Court permit it to file a Status Report on December 1, 2004.

I hereby certify that on this date, I caused a copy of the June 1, 2004 Status Report to be sent to counsel at the following addresses: Jorge Marrero-Narvaez, Esq., Puerto Rico Aqueduct and Sewer Authority, Legal Division, 10th Floor, 604 Barbosa Avenue, Hato Rey, Puerto Rico 00917 and Director Federal Litigation Division, Commonwealth of Puerto Rico, Department of Justice, P.O. Box 902192, San Juan, Puerto Rico 00902-0192.

At San Juan, Puerto Rico, June 1, 2004.

        THOMAS L. SANSONETTI
        Assistant Attorney General

        _____
        PETER K. KAUTSKY
        Trial Attorney
        Environmental Enforcement Section
        Environment and Natural Resources Division
        U.S. Department of Justice
        P.O. Box 7611
        Benjamin Franklin Station
        Washington, D.C. 20044-7611
        (202) 514-3907

        H.S. GARCIA
        United States Attorney

        S/_Lisa E. Bhatia-Gautier_
        LISA E. BHATIA-GAUTIER
        Assistant U.S. Attorney
        U.S.D.C.-P.R. 206014
        Torre Chardón, Suite 1201
        350 Carlos Chardón St.
        San Juan, Puerto Rico 00918
        Tel. (787) 766-5656
        Fax (787) 766-6219
        E-mail lisa.bhatia@usdoj.gov

OF COUNSEL

Kim Kramer, EPA
Office of Regional Counsel
U.S. Environmental Protection Agency
Region II
290 Broadway
New York, New York  10007-1866