IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RECEIVED & FILED
2005 FEB -3 PM 5: 00

CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN P.R.

|  |  |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PUERTO RICO AQUEDUCT AND )<br>SEWER AUTHORITY and THE )<br>COMMONWEALTH OF PUERTO )<br>RICO, )<br>)<br>Defendants ) | CIVIL ACTION NO. 96-2489(RLA) |

**PRASA's RESPONSIVE MOTION TO DECEMBER 1, 2004 STATUS REPORT**

Pursuant to this Courts Order of December 15, 2004, the Puerto Rico Aqueduct and Sewer Authority ("PRASA"), represented by the undersigned counsel, responds to the Plaintiffs December 1, 2004 Status Report ("Status Report") regarding issues related to the Revised Consent Decree entered by this Court in June 2004. The issues center around PRASA's construction and operation at the Mayagüez Regional Wastewater Treatment Plant ("the Mayagüez RWWTP") of secondary treatment facilities and any other treatment facilities necessary to achieve compliance with NPDES Permit PR0023795 or its successor permit as required at Paragraphs 3(g)[1] and 3(h)[2] of the Revised

---

[1] Paragraphs 3(g) of the Revised Consent Decree states "By October 1, 2001, PRASA shall complete construction and initiate operation of secondary treatment facilities and any other treatment facilities necessary to achieve compliance with NPDES Permit PR0023795 or its successor permit."

[2] Paragraphs 3(h) of the Revised Consent Decree states "By December 31, 2001, PRASA shall achieve full compliance with NPDES Permit PR0023795 or its successor permit."

PRASA's Responsive Motion to December 1, 2004 Status Report
U.S. v. PRASA, Civil 96-2489 (RLA)
February 3, 2005

Consent Decree. In addition, pursuant to Paragraph 24 of the Revised Consent Decree, at issue is the return to PRASA of stipulated penalties held in escrow by this Court.

Paragraph 24 of the Revised Consent Decree establishes that if PRASA completes the construction of secondary treatment facilities and all other treatment facilities necessary to achieve compliance with its successor permit by the deadline specified in Paragraph 3(g) of the Revised Consent Decree (i.e. October 1, 2001), stipulated penalties paid into escrow should be returned to PRASA along with any interest that accrues. "PRASA achieved compliance with October 1, 2001 deadline and connected existing pimary treatment flows with secondary treatment." Quarterly Compliance Report Number 13 for the Mayagüez RWWTP as required by the Consent Decree Civil Action 96-2489 (RLA), page 3, submitted October 30, 2001.

Since October 2001, the United States has deferred making a determination on whether PRASA's Mayaguez treatment facilities are in compliance with NPDES Permit PR0023795 or its successor permit for purposes of deciding whether stipulated penalties paid into escrow by PRASA shall be returned to PRASA. Initially, the United States deferred its decision for lack of sufficient information to determine if the discharge of the Mayagüez RWWTP plant met NPDES permit No. PR0023795 or its successor permit and proposed a period of time for sampling and analyses after December 31, 2001, the Revised Consent Decree Paragraph 3(h) deadline to achieve full compliance with NPDES permit No. PR0023795 or its successor permit. Subsequently, a determination was deferred until EPA was able to review and analyze PRASA's compliance with an anticipated successor permit, once effective.

-2-

PRASA's Responsive Motion to December 1, 2004 Status Report
U.S. v. PRASA, Civil 96-2489 (RLA)
February 3, 2005

In December 2004 Status Report, the United States informed the Court that the Mayaguez RWWTP was ultimately constructed as required, the successor permit became effective on August 1, 2004, EPA's analysis of PRASA DMRs[3] indicates substantial compliance with its successor permit, and it was incumbent upon PRASA to seek "the approval of the Environmental Protection Agency" (Revised Consent Decree, §24.b.)[4] for the return of escrow stipulated penalties.

Since the most recent Quarterly Progress Report, Quarterly Report #25, was due January 31, 2004 and since the progress report details the status and progress of each action required to be taken under the Revised Consent Decree up to December 31, 2004, PRASA believes, considering the December 2004 Status Report, the time is ripe for not only turning to the Environmental Protection Agency for its approval for the return of escrowed stipulated penalties as proposed by the United States in its December 2004 Status Report, but to also seek that EPA join PRASA in a motion to move the Court to terminate the Revised Consent Decree in accordance with Paragraph 47 of the Revised Consent Decree. PRASA has brought to the attention of EPA both matters and has committed to deliver to EPA by mid-February all the information necessary for a determination to the effect that Revised Consent Decree termination requirements have been met.

---

[3] DMRs is the accronym for Discharge Monitoring Reports, which are reports of results of sampling conducted on a monthly basis of the discharge from a facility pursuant to its NPDES permit.

[4] The full sentence of the cited portion of Paragraph 24.b. of the Revised Consent Decree reads "Any stipulated penalties held in escrow shall be returned to PRASA upon the approval of the Environmental Protection Agency."

PRASA's Responsive Motion to December 1, 2004 Status Report
U.S. v. PRASA, Civil 96-2489 (RLA)
February 3, 2005

For the above reasons, PRASA respectfully requests that the Court grant until February 28, 2005 to notify the Court on the development of PRASA's request to EPA to approve the return of funds deposited in escrow and on the termination of this case in accordance with Paragraph 47 of the Revised Consent Decree.

RESPECTFULLY SUBMITTED in San Juan, Puerto Rico, this 3rd day of February 2005.

For Defendant Puerto Rico Aqueduct and Sewer Authority

Jorge Marrero-Narvaéz
USDC PR 202210
Office of General Counsel
Puerto Rico Aqueduct and Sewer Authority
P.O. Box 7066
Santurce, Puerto Rico 00916
Telephone: 787-620-2277, x2668
Telecopier: 787-620-3830
jorge.marreronarvaez@acuedusctospr.com

-4-

PRASA's Responsive Motion to December 1, 2004 Status Report
U.S. v. PRASA, Civil 96-2489 (RLA)
February 3, 2005

## CERTIFICATE OF SERVICE

I hereby certify that, this 3rd day of February 2005, I caused a copy of this PRASA's Responsive Motion to December 1, 2004 Status Report to be sent to counsel at the following addresses:

Peter K. Kautsky
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resource Division
U.S. Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611

Kim Kramer
Office of Regional Counsel
U.S. Environmental Protection Agency
Region II
290 Broadway
New York, New York 10007-1866

Director Federal Litigation Division
Commonwealth of Puerto Rico
Department of Justice
P.O. Box 902192
San Juan, Puerto Rico 00902-0192